NEUMANN v. BLAKE.

(Circuit Court of Appeals, Eighth Circuit. April 27, 1910.)

No. 3,149.

BANKRUPTCY (§ 164*)—PREFERENTIAL PAYMENTS—MONEY GIVEN TO WIFE FOR FAMILY EXPENSES.

A finding that the wife of a bankrupt, who was also a creditor, had received a preference within four months, which she was bound to return as a condition precedent to the allowance of her claim, is not sustained, where the only evidence was that of the claimant herself, who testified that during the four months the bankrupt had given her certain sums of money for household and family expenses, and which she had so used.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 267; Dec. Dig. § 164.*]

Appeal from the District Court of the United States for the Western District of Missouri.

In the matter of Adolph E. Neumann, bankrupt. From a decree of the District Court, Annie Neuman appeals. Reversed.

John L. Wheeler, for appellant.
Karnes, New & Krauthoff, for appellee.

Before SANBORN, Circuit Judge, and RINER and WM. H. MUNGER, District Judges.

RINER, District Judge. This was an appeal from a decree entered in a bankruptcy proceeding, affirming the finding of the referee. The record discloses that Adolph E. Neumann was adjudged a bankrupt on the 22d day of December, 1908; that on January 2, 1909, Annie Neumann, wife of the bankrupt, filed a claim before the referee in bankruptcy against the bankrupt estate for the sum of $1,617, which was allowed by the referee on the 4th of January, 1909. Thereafter, and on February 1, 1909, the trustee filed objections to the allowance of the claim, based upon two grounds:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"(1) Because the said bankrupt was not indebted to said Annie Neumann; (2) because within four months prior to the adjudication of bankruptcy the bankrupt made payments to said claimant which constituted a preference; that at the time said payments were made claimant knew the bankrupt was insolvent."

The referee overruled the first objection. No question is raised in the record concerning the validity of this claim. The evidence showed that it was money received by her from her father's estate; and that she loaned her husband money from time to time, aggregating the amount allowed by the referee, was fully established by her testimony and the checks offered in evidence.

On the second objection the referee found that the claimant had received from the bankrupt various sums of money, aggregating the sum of $300, within four months prior to the adjudication in bankruptcy, and that the same constituted a preference. He thereupon allowed her claim to stand as a claim against the estate upon condition that she pay to the trustee the sum of $300 so received by her. The only evidence in relation to the receipt by the claimant of the $300 from the bankrupt was the testimony of the claimant herself. She testified that she received an amount aggregating $300 in various amounts during the months of July, August, September, October, and November, 1908, and that said sums of money were paid to her for the purpose of paying rent and the living expenses of herself and children. She denied that any of the money so received was paid to her on account of the indebtedness due from the bankrupt to her. Her testimony upon this point is as follows:

"Q. Mr. Feller has asked you about various amounts of money that you say you had received from your husband. Now tell the court just what that money was for, whether that money was paid to you for money advanced."

This question was objected to, but the objection was overruled and the witness answered:

"That was for living expenses, rent, etc."
"Q. Was that money all given you to pay your living expenses?
"A. Yes, sir.
"Q. Was any of it paid to you on this indebtedness that you represent in your claim?
"A. It was not.
"Q. What household expenses did you pay during that time?
"A. I paid for expenses with it. I paid for things for the house. I bought a set of furs in December."

This was all of the evidence, except that upon cross-examination she said she could not remember the items of expenditure by her for living expenses, but again stated that the money was used for that purpose only.

Recognizing and reaffirming the rule, so often announced by the courts, that the findings of a referee are not to be lightly set aside, and that a judge will not interfere with his conclusions on questions of fact, unless convinced that they are manifestly against the evidence, we think the finding of the referee was so manifestly erroneous that it ought not to be allowed to stand. It is said in the brief filed on behalf of the trustee:

"Though no direct evidence was offered to contradict her testimony, yet the referee was not bound by her testimony. It was his right and his duty to reject her testimony, if he disbelieved it."

Conceding, for the sake of the argument, that the referee had the right to reject her testimony, yet, if he did reject it, then there was no evidence before him showing that the bankrupt had ever paid her $300, or any other sum. Her testimony was the only testimony in the case, and she testified that the sum of $300 was paid to and used by her for living expenses for herself and children only, and not in part payment of the debt. If the referee accepted her testimony as to the receipt of the $300, he should also have accepted her testimony as to the purpose for which it was received and used, and, if received and used for such purposes, it would not constitute a preference.

The decree of the District Court is reversed, with instructions to enter an order reversing the finding of the referee, and directing him to allow the appellant's claim in the full sum of $1,617 as proved against the bankrupt estate.